■ PETER ALDIN, Respondent, v ROSEMARIE ALDIN, Appellant. — Order, Supreme Court, New York County (B. Altman, J.), entered May 16, 1983, granting plaintiff's motion for partial summary judgment to the extent indicated, is unanimously modified, without costs, on the law and the facts and in the exercise of discretion, to the extent that the first decretal paragraph shall be stricken and the following shall be substituted therefor: "ORDERED AND ADJUDGED, that plaintiff's motion for partial summary judgment is granted to the extent that (a) the parties are directed to obtain appraisals by independent licensed real estate appraisers, and then to follow the procedure set forth in the separation agreement between the parties dated March 9, 1981, to establish the fair market value of the real property at 524 East 87th Street (hereinafter property), and to place the property on the market for sale as provided for in said separation agreement, and the property shall be sold for the highest cash price offered that is equal to or in excess of said market value; and (b) neither plaintiff nor defendant shall be precluded from purchasing the property, if plaintiff or defendant offers the

highest price, provided that if either plaintiff or defendant is a successful purchaser, such successful purchaser shall have the right, instead of paying the full purchase price, to purchase the other party's interest in the property by paying one half the full purchase price less the amount of deductions as provided for in said separation agreement; and it is further" and the parties are directed to obtain such appraisals within 20 days after service of the order determining this appeal, and the order is otherwise affirmed, without costs.

Nothing in the separation agreement precludes either party from being the successful purchaser or gives either party the preferential right over the other or third persons to purchase the property. The order appealed from gives plaintiff the preferential right to purchase the property and deprives the defendant of perhaps the only theoretical possibility that someone will pay more than the "fair market value" at which the property is required to be placed on the market for sale. Concur — Sandler, J. P., Asch, Silverman, Fein and Alexander, JJ.